Ashkan Yekrangi [SBN 276211]
YEKRANGI & ASSOCIATES
One Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (949) 285-1836
Email: ashkan@yeklaw.com
  Attorney for Petitioner, Mohammad Yousef Shirvar

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohammad Yousef Shirvar<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS)<br><br>　　　　　　　　　Defendant | Civ No:<br><br>**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT** |

COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

## COMPLAINT FOR WRIT OF MANDAMUS

COMES NOW the Petitioner, Mohammad Yousef Shirvar (Plaintiff") and by and through undersigned counsel, states the following in support of his complaint for Writ of Mandamus:

### I. PREFATORY STATEMENT

1. This action arises from Defendants' failure to properly adjudicate Plaintiff's I-589, Application for Asylum and for Withholding of Removal. Mr. Shirvar applied for asylum from Iran in 2015. His case was received by USCIS, on March 21, 2015, **See Exhibit A (Receipt No. ZLA150004460).** The only movement since then is that he will be scheduled for an in-person interview and a notice will be issued. Since then, Plaintiff has not received any updates from USCIS despite having called USCIS to receive a case update.

### II. JURISDICTION

4. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1331 (federal subject matter jurisdiction).

5. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b),702, and §706(1), the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added). 5 U.S.C. § 706(1) authorizes a federal court to "compel agency action unlawfully withheld or unreasonably delayed."

6. A plaintiff who seeks to compel unreasonably delayed action "under the Mandamus Act and the APA must make essentially the same showing for both claims." *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 825 (S.D. Tex. 2008). Similarly, a plaintiff who succeeds under either the Mandamus Act or the APA is entitled to the same relief: a court order compelling the government to take the withheld, nondiscretionary action. *See id.* at *825-26.

## VENUE

7. Venue is determined according to 28 USC §1391(e), which states that a suit against the federal government or a federal official acting in his or her official capacity can be brought in any judicial district where 1) a defendant resides; 2) a substantial part of the events or omissions giving rise to the claim occurred; or 3) the plaintiff resides if no real property is involved in the action.

8. Venue is proper in the Central District of California, as the Plaintiff resides in Irvine, CA, his application is pending before the Los Angeles Asylum Office of the United States Citizenship and Immigration Services (USCIS). The Central District of California is the proper venue and is where the omission of action is taking place.

### III.   PARTIES

9. Plaintiff, Mr. Shirvar is an asylee applicant who filed his I-589 with United States Citizenship and Immigration Services (USCIS), a bureau of the Department of Homeland Security (DHS). USCIS has failed to adjudicate his application for asylum in the manner defined by statute and regulation.

10. Defendant, U.S. Citizenship and Immigration Services ("USCIS") is the agency responsible for adjudicating Plaintiff's I-589 application.

### VI. FACTS AND PROCEDURE HISTORY

#### A. The Petition Process

11. To apply for affirmative asylum, an applicant must satisfy certain eligibility criteria under the INA and its implementing regulations. *See* 8 U.S.C. §§ 1158.

12. Applicants must be present in the United States.

13. The applicant must be able to show that they meet the definition of a refugee under 8 U.S.C. 1101(a)(42)(A) – which is defined as, "any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or

unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."

15. An applicant is ineligible to apply for asylum if the Attorney General determines that the alien may be removed to a country in which the alien's life or freedom would not be threatened.

16. The applicant must file their asylum application within 1 year after the date of their arrival in the United States.

### A. Plaintiff, Mr. Shirvar

17. Plaintiff, Mr. Shirvar was born in Iran.

18. He applied for asylum in or about March 2015.

### B. Plaintiff's Form I-589 Petition

19. Mr. Shirvar applied for asylum by filing Form I-589. It has been pending as of March 2015. **See Exhibit A.**

20. Since this time, it does not appear that there has been any movement in the case and Mr. Shirvar's case has not been forwarded to immigration court for further processing and adjudication.

## VII. GENERAL ALLEGATIONS

### Unreasonable Delay in Adjudicating Application for Asylum

21. Mr. Shirvar applied for asylum by filing Form I-589. It has been pending as of March 2015.

22. Since this time, it does not appear that there has been any movement in the case and Mr. Shirvar's case has not been forwarded to immigration court for further processing and adjudication.

### *TRAC Factors and Unreasonable Delay*

23. Courts in the Ninth Circuit apply the following six factors set forth in *Telecomms. Research and Action Ctr. v. FCC*, 750 F.2d 70, 242 U.S. App. D.C. 222 (D.C. Cir. 1984) (the "TRAC factors") to determine whether an agency's delay is unreasonable: (1) the time agencies take to make

decisions must be governed by a rule or reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *TRAC*, 750 F.2d at 80; see also *Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001).

24. California District Courts have found that USCIS' policy of reviewing asylum applications on a last in, first out basis was a sufficient "rule of reason" to satisfy the first and second factors despite the timetable set by Congress. *See Lajin v. Radel,* No. 19cv52-MMA (BLM), 2019 U.S. Dist. LEXIS 125118, at *15 (S.D. Cal. July 26, 2019); *See also, Varol v. Radel,* 420 F. Supp. 3d 1089, 1097 (S.D. Cal. 2019). The fourth factor also favors the defendants as advancing one case can affect other cases that USCIS has pending. *Id.*

25. Congress intended that the asylum office act within a reasonable period of time, proscribing a specific time period to interview applicants and adjudicate their applications. *See* 8 USC §§ 1158(d)(5)(A)(ii)-(iii) (requiring interviews within 45 days and adjudication within 180 days).

26. The third and fifth factors favor Mr. Shirvar.  Although previous cases have found that these factors favor the government because of plaintiffs' ability to live in the United States with authorization to work. *Id.* However, this does not take into account the current reality that delays in the processing and adjudication of the I-589 applications have become very common.

27. These delays make the courts' assurances of being able to live and work in the United States null as there is a very real danger of Mr. Shirvar experiencing lapses in his employment authorization. The very real possibility that there will be lapses in employment authorization for Mr. Shirvar means that his welfare is at stake and the

potential prejudice he faces is also significantly greater. Those lapses in employment authorization abridge Mr. Shirvar's fundamental right to employment. *Coppage v. Kansas,* 236 U.S. 1, 14, 35 S.Ct. 240 (1915). Although there is no evidence of impropriety in the delay, the sixth TRAC factor does not require impropriety for a finding of unreasonable delay.

28. On balance, the prejudice experienced by Mr. Shirvar outweighs the detriments the government might face by advancing his case.

## VIII. CAUSES OF ACTION

### Count 1 - Violation of Administrative Procedure Act

29. The APA requires an administrative agency to adjudicate matters presented to it within a "reasonable time." 5 U.S.C. § 555(b). A reviewing court has discretion to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

30. Here, the Plaintiff's I-589 has been unreasonably delayed, requiring an initial interview within 45 days of filing of the I-589 and a final administrative adjudication within 180 as envisioned in 8 USC §§ 1158(d)(5)(A)(ii)-(iii). An interview has not been scheduled since the Plaintiff's most recent I-589 filing, and therefore the case has not been adjudicated.

31. By denying Mr. Shirvar of the proper procedure required by law, USCIS leaves Mr. Shirvar in a purgatory of not having the opportunity to have his case heard and to possibly become a U.S. Lawful Permanent Resident. Instead, he faces the constant stress of not knowing whether he'll be able to legally stay in the country.

### Count II – Mandamus Act

32. All the foregoing allegations are repeated and realleged and incorporated herein. The Mandamus Act allows a district court to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. 1361.

33. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is

nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).)

34. Plaintiff has a clear right to the relief requested – that his asylum process be completed as envisioned by the statute. Plaintiff falls within the "zone of interest" as the applicant seeking asylum. Courts have repeatedly found Plaintiffs falling within the "zone of interest" in the immigration context. For example, in immigration-related mandamus actions, Courts have found that the INA establishes a clear right to have an adjustment application adjudicated. *Razik v. Perryman*, No. 02-5189, 2003 U.S. Dist. LEXIS 13818, *6-7 (N.D. Ill. Aug. 6, 2003). Similarly, for Special Immigrant Juvenile applications. *Yu v. Brown*, 36 F. Supp. 2d 922, 930 (D.N.M. 1999). *See also Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States* v. Kerry, 168 F. Supp. 3d 268, 281 (D.D.C. 2016) (plaintiffs had a clear right under the Iraqi and Afghan Special Immigrant Visa Program statutes to have their visa applications adjudicated).

35. Defendant has a clear duty to perform the act in question—to interview the applicant within 45 days of filing of the I-589 and a final administrative adjudication within 180 as envisioned in 8 USC §§ 1158(d)(5)(A)(ii)-(iii).

36. Further, no other adequate remedy is available because there is no other means for the applicant to have his application adjudicated. Lastly, the length of delay is unreasonable in light of the statutory deadline and the harm to Plaintiff's welfare. See *Telecomms. Research and Action Ctr. v. FCC*, 750 F.2d 70, 242 U.S. App. D.C. 222 (D.C. Cir. 1984). Accordingly, this Court's intervention is needed.

## IX. **PRAYER**

WHEREFORE, Plaintiff prays that this Court:

1. Order that USCIS finalize the process for Mr. Shirvar 's I-589 application and render a decision on his case.

2. Award Plaintiff his attorneys' fees, costs, and expenses as applicable, and

3. Grant such other relief as the Court deems just, equitable, and proper.

Respectfully submitted this 26th day of September 2024.

Dated: 09/26/2024                                              Respectfully Submitted,


                                                               By:   /s/   Ashkan Yekrangi, Esq.

# EXHIBIT A

**FROM:**

US DEPT OF HOMELAND SECURITY
BUREAU OF CITZ & IMMIGRATION SVCS
ASYLUM OFFICE
P. O. BOX 65015
ANAHEIM, CA  92815-6515

NAME: MOHAMMADYOUSEF SHIRVAR                    DATE: 3/21/15
A-NUMBER: 208072784  RCPT#: ZLA1500044630       FORM: I-589

*** ACKNOWLEDGEMENT OF RECEIPT ***

Your complete Form I-589 asylum application was received and is pending as of 3/19/15. You may remain in the U.S. until your asylum application is decided. If you wish to leave while your application is pending, you must obtain advance parole from BCIS. If you change your address, send written notification of the change within 10 days to the above address. You will receive a notice informing you when you and those listed on your application as a spouse or dependents must appear for an asylum interview. Bring to the interview 3 copies of documentary evidence of your relationship to those family members.

**TO:**

KWABENA LARBI SIAW
C/O LAW OFFICES OF AZITA M MOJARAD
70 W MADISON ST STE 2275

CHICAGO, IL  60602